FILED
OCT 2 1 2003
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MORRIS RENTIE, JR.,

    Plaintiff,

v.

NBA ENTERTAINMENT, a division of NBA Properties, Inc.,
UNIVERSAL STUDIOS HOME VIDEO, L.L.C., USA FILMS, L.L.C., and
HIDDEN BEACH RECORDS, L.L.C.,
MIKE PHILLIPS, an individual,
SHAWN NORMAN, an individual, and
CID MANAGEMENT, L.L.C.

    Defendants.

Case No. 03-CV-431 HE

## FIRST AMENDED COMPLAINT

Plaintiff, Morris Rentie, Jr., in support of his Complaint against the Defendants, alleges as follows:

### The Parties

1.     The Plaintiff is a resident and citizen of Oklahoma.

2.     The Defendant NBA ENTERTAINMENT (ANBA@) is a division of NBA Properties, Inc., a corporation organized under New York law and having a place of business in New York, New York.

3.     The Defendant USA FILMS, L.L.C., ("USA") is a corporation organized under New York law and having a place of business in New York, New York.

4.     The Defendant UNIVERSAL STUDIOS HOME VIDEO, L.LC. (AUniversal@) is a limited liability company organized under Delaware law and having a place of business in Universal City, California, and is a successor in interest to Defendant USA.

5.  The Defendant Hidden Beach Records L.L.C. ("Hidden Beach") is a limited liability company organized under California law and having a place of business at Malibu, California.

6.  Upon information and belief, the Defendant CID Management L.L.C. ("CID") is a limited liability company having a place of business at Baltimore, Maryland.

7.  Upon information and belief, Mike Phillips is an individual residing in Atlanta, Georgia.

8.  Upon information and belief, Shawn Norman is an individual residing in or near Baltimore, Maryland.

**Jurisdiction and Venue**

1.  The present action arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq., under the trademark laws of the United States, 15 U.S.C. § 1125(a), under the Uniform Deceptive Trade Practices Act of Oklahoma and under the statutory and common law of Oklahoma.

2.  Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1338(a) and (b) and, as to the state law claims, by the doctrine of pendant jurisdiction.

3.  The Defendants NBA, Universal, USA and Hidden Beach each have placed or induced others to place infringing products into the stream of commerce with the expectation that these products will arrive in, and be sold in, Oklahoma and this District. Such infringing products have in fact arrived within Oklahoma and this District, and have been sold within Oklahoma and this District. In addition, these Defendants have regularly done business in Oklahoma.

4.   The Defendants CID, Norman and Phillips each has induced others to place infringing products into the stream of commerce with the expectation that they will arrive in, and be sold in, Oklahoma and this District. Such infringing products have in fact arrived within Oklahoma and this District, and have been sold within Oklahoma and this District. The Defendants CID, Norman and Phillips each has conspired with and collaborated with others to make and distribute products which violate state and federal laws, and have induced others to cause such products to enter into the stream of commerce with the expectation that they will arrive in, and be sold in, Oklahoma and this District. Such products have in fact arrived within Oklahoma and this District, and have been sold within Oklahoma and this District.

5.   It was highly foreseeable that the tortious acts of the Defendants as set out herein would have a direct and damaging impact on Plaintiff and that the brunt of this impact would be felt by Plaintiff in Oklahoma where he lives and works.

6.   Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a).

### Claims for Relief

### CLAIM I
### Copyright Infringement

15.   Prior to 2001, Plaintiff created a musical composition, with accompanying words, entitled, "All of My Love." Plaintiff performed and recorded the Song as a sound recording. The musical composition, accompanying words, and the sound recording are referred to hereinafter collectively as the "Song."

16. The Song contains material that is wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

17. Plaintiff has complied in all respects with United States copyright laws, and has secured the exclusive rights and privileges in and to all rights under copyright in the Song, including the musical composition, words and the sound recording, and has received from the Register of Copyrights Certificate of Registration No. SR 311-693, dated January 24, 2002.

18. The Song has been published by Plaintiff and all copies of it made by Plaintiff, or under his authority or license, have been published in conformity with the United States copyright laws.

19. At all times material hereto, the Plaintiff has been the owner of all copyrights in the Song.

20. Beginning about October 23, 2001, Defendants NBA and USA have been publishing a DVD 2-disc box set entitled, "Ultimate Jordon", hereafter the "Jordan DVD." The Jordon DVD includes a portion of the Song. Defendants' use of the Song on the Jordan DVD was without Plaintiff's knowledge or consent.

21. Upon information and belief, the Defendants Hidden Beach, CID, Phillips and Norman induced the Defendants USA and NBA to commit the infringements complained of herein by representing to NBA and USA that it had the right to grant permission for use of the Song, when in fact they had no such right and knew or reasonably should have known at that time that they did not have such right.

22. Defendant NBA has infringed Plaintiff's copyrights in the Song.

23. Defendant Universal has infringed Plaintiff's copyrights in the Song.

24. Defendant USA has infringed Plaintiff's copyrights in the Song.

25. Defendant Hidden Beach has infringed Plaintiff's copyrights in the Song and has induced others to commit such infringement.

26. Defendants CID, Phillips and Norman have induced others to commit such infringement.

27. Plaintiff has repeatedly notified Defendants NBA and USA of the infringement, and Defendants NBA and USA have continued to infringe Plaintiff's copyright in the Song. Therefore, the infringing actions of Defendants NBA, USA and Universal are willful. Hidden Beach, CID, Phillips and Norman deliberately made false representations to Defendants NBA and USA in order to induce them to use the Song, each knowing the representations to be false and with the intention that Defendants NBA and USA rely on the false representations to their detriment and to the detriment of Plaintiff, and therefore the infringements committed by Defendants Hidden Beach, CID, Phillips and Norman are willful.

28. The Plaintiff has been damaged irreparably by the actions described in paragraphs 17-29, and will continue to be damaged unless the Defendants are enjoined by this Court from committing further infringements.

29. The Plaintiff has no adequate remedy at law for the past and ongoing damage resulting from Defendants' infringement.

### CLAIM II
### False Designation of Origin and False Description
### (15 U.S.C. § 1125(a); Section 43(a) of the Lanham Act)

30. Plaintiff incorporates by reference as if fully set forth herein each and every allegation contained in Paragraphs 1-29, inclusive.

31. On the Jordon DVD, the writer of the Song entitled "Come Fly with Me" was falsely identified as "Mike Phillips" and the producer was falsely identified as "Morris Scott." This false identification of the writer and producer constitutes a false designation of the origin of the Song and a false and misleading description of fact, which false statements are likely to deceive others as to the affiliation, connection, and association of the Defendants with others, and as to the origin, sponsorship, and approval of the Jordan DVD by others, and which false statements are made in commercial advertising and promotion and misrepresent the true nature of the characteristics and qualities of the Jordon DVD.

32. The Defendants caused the Jordon DVD to enter into commerce.

33. The acts of Defendants have damaged Plaintiff and are likely to continue to cause damage to Plaintiff.

## CLAIM III
## Deceptive Trade Practices
## (78 Okla. Stat. § 53)

34. Plaintiff incorporates by reference as if fully set forth herein each and every allegation contained in Paragraphs 1-33, inclusive.

35. The acts of Defendants constitute "passing off" of the Song as the work of another instead of a composition written and produced by Plaintiff.

36. The acts of Defendants constitute knowingly making false representations as to the source, sponsorship and approval by another of the Song.

37. The acts of Defendants constitute knowingly making false representations as to affiliation, connection, association with another.

38. The acts of Defendants constitute knowingly making false representations

as to the characteristics of the Song and false representations as to the sponsorship, approval, status, affiliation, or connection of a person therewith.

39. Accordingly, the acts of Defendants constitute violations of the Oklahoma Deceptive Trade Practices Act.

### CLAIM IV
### *Fraud*

40. Plaintiff incorporates by reference as if fully set forth herein each and every allegation contained in Paragraphs 1-39, inclusive.

41. Defendants Hidden Beach, CID, Phillips, and Norman, represented to Defendants USA and NBA that they possessed the right to grant a license to use the sound recording and the musical composition in the Song, that Mike Phillips was the writer of the Song, and that Morris Scott was the producer of the Song. These representations were all false, and were known by Defendants to be false at the time they were made. These representations were positively asserted in a manner not warranted by the information available to Defendants Hidden Beach, CID, Phillips and Norman, even if any of such Defendants then believed these representations to be true. In addition, Defendant Hidden Beach, CID, Phillips and Norman, knowing that Plaintiff was the writer and producer of the Song, suppressed these facts.

42. All Defendants caused the Jordon DVD to include a false statement that Mike Phillips was the writer of the Song, and that Morris Scott was the producer of the Song, when in fact Plaintiff was the writer and producer of the Song. These representations were all false, and were known by Defendants to be false at the time they were made. These representations were positively asserted in a manner not warranted by the information available to

Defendants, even if any of such Defendants then believed these representations to be true. In addition, Defendants, knowing that Plaintiff was the writer and producer of the Song, suppressed these facts.

43. In its dealings with the Defendants NBA and USA, Defendants Hidden Beach CID, Phillips and Norman, had a duty to inform themselves of the true facts concerning the Song, their lack of rights therein, and the identity of the true writer and producer thereof, and failed in this duty. Thus, even assuming such Defendants acted without fraudulent intent in making the misrepresentations, each such Defendant failed in its duty to learn the true facts. Defendants Hidden Beach, CID, Phillips and Norman gained an advantage from misleading Defendants NBA and USA to their prejudice and to the prejudice of Plaintiff.

44. In its production and distribution of the Jordon DVD, Defendants NBA, Universal and USA, had a duty to inform themselves of the true facts concerning the Song, their lack of rights therein, and the identity of the true writer and producer thereof, and failed in this duty. Thus, even assuming such Defendants acted without fraudulent intent in making the misrepresentations, each such Defendant failed in its duty to learn the true facts. Defendants NBA, Universal and USA gained an advantage from misleading the purchasers of the Jordon DVD and the public to their prejudice and to the prejudice of Plaintiff.

45. Plaintiff has been damaged and continues to be damaged directly as a result of the fraudulent acts of Defendants, and this damage to Plaintiff was reasonably foreseeable by each of such Defendants.

***WHEREFORE, PLAINTIFF DEMANDS:***

(1) That the Defendants, their agents and servants be enjoined during the pendency of this action and permanently from infringing the copyright in the Song, and from publishing, selling, marketing or otherwise disposing of any further copies of the infringing Jordon DVD.

(2) That the Defendants, jointly and severally, be required to pay to Plaintiff such damages as Plaintiff has sustained as a result of the infringement of the copyright in the Song and to account for all gains, profits and advantages derived from their infringement, and an assessment of interest on such damages from the date of the infringement;

(3) That the Defendants be required to pay to Plaintiff actual and punitive damages for the copyright infringements;

(4) That the Defendants be required to pay to Plaintiff actual damages for the false designation of origin and false description contained in the Jordon DVD, and that these damages be trebled;

(5) That the Defendants be required to pay to Plaintiff actual and punitive damages for the deceptive trade practices;

(6) That the Defendants be required to pay to Plaintiff actual and punitive damages for the fraudulent representations made concerning the Song;

(7) That Defendants be required to deliver up to be impounded during the pendency of this action all copies of the Jordon DVD in their possession or under their control and deliver up for destruction all infringing copies and all master recordings and other materials for making infringing copies;

(5)   The Defendants be required to pay Plaintiff's costs of suit and attorney fees; and

(6)   That Plaintiff be awarded other relief to which he is entitled.

         Respectfully Submitted,

         Carl Hughes, OBA #4463
         HUGHES & GOODWIN
         5801 N. Broadway Extension, Suite 302
         Oklahoma City, Oklahoma 73118
         Telephone: (405) 848-0111
         Facsimile: (405) 848-3507
         Email: carl.hughes@sbcglobal.net

         and

         Mary M. Lee, OBA #10375
         MARY M. LEE, P.C.
         3441 W. Memorial Road, No. 8
         Oklahoma City, OK 73134-7000
         Telephone: (405) 302-0900
         Facsimile: (405) 302-0901
         Email: mml@marymlee.com
         Attorneys for Plaintiff, Morris Rentie, Jr.

A jury trial is demanded.
Attorney's Lien Claimed.

## CERTIFICATE OF MAILING AND FAXING

I certify that on the 21st day of October, 2003, I faxed and mailed by Certified Mail with Return Receipt Requested with sufficient postage fully prepaid the above and foregoing PLAINTIFF'S FIRST AMENDED COMPLAINT to:

S. Douglas Dodd, Esq.
Doerner, Saunders, Daniel & Anderson, L.L.P.
Suite 500
320 South Boston Avenue
Tulsa, Oklahoma 74103-3725