*LEC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

NOV 07 2003

DENNIS CLERK
U.S. DIST. COURT WESTERN DIST OF OKLA.
BY _____ DEPUTY

| | | |
|---|---|---|
| **MORRIS RENTIE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 03-CV-431 HE** |
| | ) | |
| **NBA ENTERTAINMENT, INC., a division** | ) | |
| **of NBA Properties, Inc., Universal Studios** | ) | |
| **Home Video, L.L.C., USA FILMS, L.L.C.,** | ) | |
| **and HIDDEN BEACH RECORDS, L.L.C.,** | ) | |
| **MIKE PHILLIPS, an individual, SHAWN** | ) | |
| **NORMAN, an individual, and CID** | ) | |
| **MANAGEMENT, L.L.C.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ANSWER OF NBA ENTERTAINMENT
### TO PLAINITFF'S FIRST AMENDED COMPLAINT
### AND CROSS-CLAIMS AGAINST HIDDEN BEACH RECORDS, L.L.C.,
### MIKE PHILLIPS, SHAWN NORMAN AND CID MANAGEMENT, L.L.C.

Defendant NBA Entertainment, a division of NBA Properties, Inc. ("NBAE"), for its answer to the Complaint of the Plaintiff Morris Rentie, Jr. ("Plaintiff"), denies each and every allegation in Plaintiff's First Amended Complaint, except for those matters specifically admitted below.

### The Parties

1.      NBAE has insufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2.      NBAE admits the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint.

3.      NBAE admits that USA Films, L.L.C. was a limited liability company with a place of business in New York, New York.  However, NBAE no longer does business with USA Films, L.L.C. and has no personal knowledge about its present status.

4.     Upon information and belief, NBAE admits the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5.     Upon information and belief, NBAE admits the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6.     NBAE has insufficient information with which to admit or deny the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7.     NBAE has insufficient information with which to admit or deny the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

8.     NBAE has insufficient information with which to admit or deny the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

### Jurisdiction and Venue

Plaintiff has numbered the paragraphs in his First Amended Complaint under Jurisdiction and Venue "1" through "6" rather than "9" through "14". NBAE's corresponding answer paragraphs in this section are numbered "9" through "14" in order to keep its answer paragraphs in proper sequence.

9.     NBAE admits that Plaintiff's copyright claims and NBAE's defenses thereto are governed by the U.S. Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and applicable case law. NBAE denies that Plaintiff's Amended Complaint states a claim upon which relief can be granted under either 15 U.S.C. § 1125(a); 78 Okla. Stat. §§ 51 *et seq.* or Oklahoma statutory or common law.

10.     Upon information and belief, NBAE admits that this Court has subject matter jurisdiction pursuant to 17 U.S.C. § 1338(a).

11.     NBAE admits that it placed the DVD 2-disc box set entitled "Ultimate Jordan" into the stream of commerce, but denies each and every allegation in Paragraph 11 stating or suggesting that such product was infringing.

12.     NBAE admits that Defendants CID, Norman and Phillips participated in delivering to NBAE music offered by Hidden Beach for NBAE's use in the DVD 2-disc box set entitled "Ultimate Jordan". NBAE has insufficient information to admit or deny the balance of the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13.     NBAE denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14.     NBAE denies the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

## Plaintiff's Claims for Relief

### *CLAIM I*
### *Copyright Infringement*

15.     NBAE has insufficient information to admit or deny the allegations contained in the first and second sentences of Paragraph 15 of Plaintiff's First Amended Complaint, and therefore denies the same. With respect to the third sentence of Paragraph 15 of Plaintiff's First Amended Complaint, NBAE admits that Plaintiff refers to the alleged musical composition as the "Song" throughout Plaintiff's First Amended Complaint

16.     NBAE has insufficient information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint, and therefore denies the same.

17.     NBAE admits that Plaintiff received from the Register of Copyrights, Certificate of Registration No. SR 311-693, dated January 24, 2002, except that NBAE has insufficient information to admit or deny the remaining allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint, and therefore denies the same.

18.     NBAE has insufficient information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint, and therefore denies the same.

19.    NBAE has insufficient information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint, and therefore denies the same.

20.    NBAE admits the allegation contained in Paragraph 20 of Plaintiff's First Amended Complaint that NBAE began publishing a DVD 2-disc box set entitled "Ultimate Jordan" on or about October 23, 2001.  NBAE avers that it had no reason to believe, prior to January 15, 2002, that Plaintiff claimed any interest in a musical composition entitled "All of My Love" or that any music track used on the "Ultimate Jordan" DVD might be considered by Plaintiff to be similar to the alleged composition "All of My Love."  NBAE denies the remaining allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21.    NBAE admits that Defendant Hidden Beach represented to NBAE that it would supply NBAE with incidental music for use in the "Ultimate Jordan" DVD which would be cleared for NBAE use by Hidden Beach.  However, to the extent that Paragraph 21 of Plaintiff's First Amended Complaint alleges that NBAE infringed any copyright in the Song, NBAE denies such allegation.  NBAE admits that Defendants Hidden Beach, CID, Phillips and Norman represented to NBAE by implication that they owned or had the right to permit NBAE to use what Plaintiff identifies as the Song.  At this point, NBAE has insufficient information to admit or deny what said Defendants knew or should have known as to the Song.

22.    NBAE denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23.    NBAE denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24.    NBAE denies the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Upon information and belief, NBAE admits the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26. Upon information and belief, NBAE admits the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27. NBAE admits Plaintiff has sent demand letters to the NBAE claiming that infringement had occurred. NBAE denies the remaining allegations contained in the first two sentences of Paragraph 27 of Plaintiff's First Amended Complaint as they relate to NBAE. NBAE has insufficient information with which to admit or deny the balance of the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28. NBAE denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29. NBAE denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

## CLAIM II
### False Designation of Origin and False Description
### (15 U.S.C. § 1125(a); Section 43(a) of the Lanham Act)

30. NBAE adopts and realleges its allegations contained in Paragraphs 1-29 above as if fully set forth herein.

31. On the "Ultimate Jordan" DVD, NBAE admits that, based upon information supplied by Shawn Norman, Mike Phillips was identified as the writer of the song entitled "Come Fly with Me" and Morris Scott was identified as the producer of that song. NBAE denies the balance of the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. NBAE admits the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. NBAE denies the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

### CLAIM III
### *Deceptive Trade Practices*
### *(78 Okla. Stat. § 53)*

34. NBAE adopts and realleges its allegations contained in Paragraphs 1-33 above as if fully set forth herein.

35. NBAE denies the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint as they may relate to NBAE.

36. NBAE denies the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint as they may relate to NBAE.

37. NBAE denies the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint as they may relate to NBAE.

38. NBAE denies the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint as they may relate to NBAE.

39. NBAE denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint as they may relate to NBAE.

### CLAIM IV
### *Fraud*

40. NBAE adopts and realleges its allegations contained in Paragraphs 1-39 above as if fully set forth herein.

41. NBAE admits Defendants Hidden Beach, CID, Phillips and Norman made representations to it as set forth in the first sentence of Paragraph 41 of Plaintiff's First Amended Complaint. NBAE denies that it knew these representations were false. NBAE has insufficient information with which to admit or deny whether the representations were in fact false as alleged in Paragraph 41 of Plaintiff's First Amended Complaint.

42.    NBAE admits that it caused the "Ultimate Jordan" DVD to include a credit that Mike Phillips was the writer of the song "Come Fly with Me" and that Morris Scott was the producer of the song. NBAE denies that it knew this information was false and affirmatively alleges that the information was supplied to NBAE by Shawn Norman of CID Management on behalf of her client Mike Phillips. NBAE denies the balance of the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

43.    NBAE has insufficient information with which to admit the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44.    NBAE denies the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45.    NBAE denies the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

In the alternative, and without derogation of the foregoing defenses, NBAE alleges the following affirmative defenses:

### First Affirmative Defense

46.    Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against NBAE.

### Second Affirmative Defense

47.    Any recovery by Plaintiff is barred by the doctrine of laches.

### Third Affirmative Defense

48.    Any recovery by Plaintiff is barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

49.    Any recovery by Plaintiff is barred by the doctrine of waiver.

## Fifth Affirmative Defense

50.     Any recovery by Plaintiff is barred by the doctrine of estoppel.

## Sixth Affirmative Defense

51.     Plaintiff's alleged claim of copyright in the subject musical composition "All of My Love" was not properly registered with the U.S. Copyright Office.

## Seventh Affirmative Defense

52.     In the alternative, and without derogation of the foregoing defenses, in the event it is found that NBAE has infringed any copyright interest held by Plaintiff, NBAE did so with innocent intent.

## Eighth Affirmative Defense

53.     Each of NBAE's activities constitutes fair use of the subject copyright.

WHEREFORE, having fully answered the Complaint of the Plaintiff, NBAE prays:

1.     That Plaintiff take nothing by reason of his complaint in this matter and that NBAE be awarded judgment on all of Plaintiff's claims;

2.     That NBAE be awarded its costs of suit in this matter, including reasonable attorneys' fees; and

3.     For such other and further relief as the court deems just and proper.

## CROSS-CLAIMS AGAINST HIDDEN BEACH RECORDS, L.L.C., MIKE PHILLIPS, SHAWN NORMAN AND CID MANAGEMENT, L.L.C. FOR INDEMNITY AND/OR CONTRIBUTION

Defendant and Cross-Claimant NBAE, pursuant to the provisions of Rule 13(g), Federal Rules of Civil Procedure, presents its Cross-Claims against co-defendants in this action, Hidden Beach Records, L.L.C., Mike Phillips, Shawn Norman and CID Management, L.L.C.

54.     This Court has supplemental jurisdiction of this cross-claim under 28 U.S.C. §
1367(a) because it arises out of the same transactions and occurrences alleged in Plaintiff's First
Amended Complaint so as to form a part of the same case or controversy within the meaning of
Article III of the United States Constitution.

55.     At all times mentioned in Plaintiff's First Amended Complaint, Hidden Beach
Records, L.L.C. ("Hidden Beach") represented to NBAE it had contracted with and represented
musician and composer Mike Phillips ("Phillips") in connection with his composing, performing
and recording services.

56.     Cross-Claimant NBAE is entitled to contribution toward or indemnity from any
liability that may be found to exist from NBAE to the Plaintiff in this action as a result of the
occurrences that provide the basis of Plaintiff's suit.   NBAE is entitled to receive said
contribution or indemnity from Cross-Defendants Hidden Beach, Mike Phillips, Shawn Norman
and CID Management (collectively referred to as "Cross-Defendants").

57.     The basis for contribution and indemnity include theories set forth below, under
which, Cross-Defendants are wholly responsible, or responsible in substantial part, for the
copyright infringement alleged by the Plaintiff Morris Rentie, Jr. and for any damages alleged by
the Plaintiff in his First Amended Complaint.

## FACTUAL ALLEGATIONS

58.     In the spring of 2001, Hidden Beach contacted NBAE and asked that NBAE
include a song by Hidden Beach artist Jill Scott in the planned "Ultimate Jordan" DVD.  NBAE
agreed and used Jill Scott's musical tribute of "It's Love" in the "Ultimate Jordan" DVD.
Hidden Beach also suggested that NBAE use Hidden Beach artist Mike Phillips to provide music
for the introductions to various video portions of the "Ultimate Jordan" DVD set (the "Format
Pieces").

9

59. NBAE agreed to consider and discuss the use of Mike Phillips' music for the "Ultimate Jordan" Format Pieces. NBAE dealt with Charles Whitfield of Hidden Beach and Shawn Norman of CID Management on behalf of Mike Phillips. Hidden Beach represented to NBAE that NBAE could use the Mike Phillips music in the "Ultimate Jordan" DVD at no cost to NBAE. Hidden Beach further represented to NBAE that the music to be provided by Mike Phillips would be "cleared" for use by NBAE. These representations were made by Charles Whitfield of Hidden Beach and Shawn Norman of CID Management on behalf of Mike Phillips. They were made by telephone, e-mail and letter from the spring of 2001 through July 2001.

60. In May 2001, Shawn Norman sent a CD to NBAE containing 13 tracks of music by Mike Phillips for use in the "Ultimate Jordan" DVD set. NBAE selected 9 of the 13 tracks and advised Shawn Norman of its selections.

61. In July 2001, at NBAE's request, Shawn Norman provided NBAE with written credit information for the 9 tracks selected by NBAE.

62. In the credit information provided to NBAE by Shawn Norman in July 2001, the musical selection entitled "Come Fly With Me" was listed as having been "written by Mike Phillips" and "produced by Morris Scott."

63. NBAE was assured by Hidden Beach on several occasions that the music to be provided by Hidden Beach would be "cleared" for NBAE use.

64. On about January 15, 2002, NBAE was advised that Plaintiff claimed a copyright interest in a musical composition entitled "All of My Love" and that the music track entitled "Come Fly with Me" used on the "Ultimate Jordan" DVD was considered by Plaintiff to be similar to or the same as the Plaintiff's alleged composition "All of My Love."

65. NBAE relied upon Hidden Beach, Mike Phillips and his agent Shawn Norman to provide Format Pieces, which included the music track entitled "Come Fly with Me," to be

10

original, written and performed by Mike Phillips and "cleared" for use by NBAE in the "Ultimate Jordan" DVD."

66.     If the Plaintiff prevails in his claim that the music track entitled "Come Fly with Me," used on the "Ultimate Jordan" DVD, infringed the copyright he claims in the song entitled "All of My Love," Hidden Beach breached its agreement to provide original music, cleared for NBAE's use.

67.     In this cross-claim, NBAE contends that the sole, or in the alternative, a substantial cause of the alleged infringement of Plaintiff's copyright was the conduct of Hidden Beach, Mike Phillips, CID Management and Shawn Norman.

68.     Under general principles and the rules of law governing this action, NBAE is entitled to indemnity, or in the alternative, to contribution from Hidden Beach, Mike Phillips, CID Management and Shawn Norman for their shares of the responsibility for the infringement and damages alleged by the Plaintiff Morris Rentie, Jr., as determined by the trier of fact.

## CROSS-CLAIM FOR FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. § 1125(a); Section 43(a) of the Lanham Act)

69.     NBAE realleges and incorporates by reference paragraphs 54 through 68 as if fully set forth herein.

70.     On the "Ultimate Jordan" DVD, the writer of the musical format piece entitled "Come Fly With Me" is identified as "Mike Phillips" and the producer of that musical format piece was identified as "Morris Scott." This credit information was given to NBAE by Shawn Norman of CID Management on behalf of her client Mike Phillips.

71.     Plaintiff's First Amended Complaint alleges this credit information was false and constitutes a false and misleading description of fact, which false statements are likely to deceive others as to the affiliation, connection and association of Mike Phillips and Morris Scott with

11

others and as to the origin, sponsorship, and approval of the musical format piece "Come Fly With Me" which was provided to NBAE for inclusion in the "Ultimate Jordan" DVD.

72.     Cross-Claimant NBAE is entitled to contribution toward or indemnity from any liability that may be found to exist from NBAE to the Plaintiff in this action as a result of the occurrences that provide the basis of Plaintiff's suit.  NBAE is entitled to receive said contribution or indemnity from Cross-Defendants Mike Phillips, Shawn Norman and CID Management.

73.     The basis for contribution and indemnity is that Mike Phillips, Shawn Norman and CID Management are wholly responsible, or responsible in substantial part, for the False Designation Of Origin And False Description alleged by the Plaintiff Morris Rentie, Jr. and for any damages alleged by the Plaintiff in his First Amended Complaint.

## CROSS-CLAIM FOR FRAUD/DECEIT

74.     NBAE realleges and incorporates by reference paragraphs 54 through 73 as if fully set forth herein.

75.     Cross-Defendants Mike Phillips, Shawn Norman and CID Management represented to Cross-Claimant NBAE that they possessed the right to grant a license to use or to permit the use of the musical format piece entitled "Come Fly With Me" when they knew or should have known that such representation was false.

76.     In the alternative, Cross-Defendants Mike Phillips, Shawn Norman and CID Management suppressed the true information about the source, origin, ownership, and right to use the musical format piece entitled "Come Fly With Me."

77.     Cross-Claimant NBAE is entitled to contribution toward or indemnity from any liability that may be found to exist from NBAE to the Plaintiff in this action as a result of the occurrences that provide the basis of Plaintiff's suit.  NBAE is entitled to receive said

12

contribution or indemnity from Cross-Defendants Mike Phillips, Shawn Norman and CID Management.

78.     The basis for contribution and indemnity is that Mike Phillips, Shawn Norman and CID Management are wholly responsible, or responsible in substantial part, for Fraud and Deceit as defined in 76 Okla. Stat. § 3 and Oklahoma common law and for any damages alleged by the Plaintiff in his First Amended Complaint.

## CROSS-CLAIM FOR DECEPTIVE TRADE PRACTICES
## (78 Okla. Stat. § 53)

79.     NBAE realleges and incorporates by reference paragraphs 54 through 78 as if fully set forth herein.

80.     Cross-Claimant NBAE is entitled to contribution toward or indemnity from any liability that may be found to exist from NBAE to the Plaintiff in this action as a result of the occurrences that provide the basis of Plaintiff's suit.   NBAE is entitled to receive said contribution or indemnity from Cross-Defendants Hidden Beach, Mike Phillips, Shawn Norman and CID Management.

81.     The basis for contribution and indemnity is that Hidden Beach, Mike Phillips, Shawn Norman and CID Management are wholly responsible, or responsible in substantial part, for making false representations and "passing off" the musical format piece entitled "Come Fly With Me" as a work written and owned by Mike Phillips in violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. § 53, et seq. and for any damages alleged by the Plaintiff in his First Amended Complaint.

## CROSS-CLAIM FOR NEGLIGENT MISREPRESENTATION

82.     NBAE realleges and incorporates by reference paragraphs 54 through 81 as if fully set forth herein.

13

83.     Cross-Claimant NBAE is entitled to contribution toward or indemnity from any liability that may be found to exist from NBAE to the Plaintiff in this action as a result of the occurrences that provide the basis of Plaintiff's suit.   NBAE is entitled to receive said contribution or indemnity from Cross-defendants Hidden Beach, Mike Phillips, Shawn Norman and CID Management.

84.     The basis for contribution and indemnity in the alternative to the cross-claims made above and not in disparagement thereof, is that Hidden Beach, Mike Phillips, Shawn Norman and CID Management are wholly responsible, or responsible in substantial part, for making negligent misrepresentations regarding the origin, authorship, and ownership of the musical format piece entitled "Come Fly With Me" and for any damages alleged by the Plaintiff in his First Amended Complaint.

WHEREFORE, NBA Entertainment prays:

1.     That Plaintiff take nothing by his First Amended Complaint in this action and that judgment on that First Amended Complaint be entered for NBA Entertainment.

2.     That Defendant NBA Entertainment be awarded its costs of suit.

3.     That if any judgment is entered in this action against NBA Entertainment in favor of the Plaintiff, Hidden Beach Records, L.L.C., Mike Phillips, Shawn Norman and CID Management, L.L.C. be held solely and contributorily responsible for infringement of Plaintiff's copyright and for any damages proven by Plaintiff in this action as a result of said infringement, and that NBA Entertainment recover from and be indemnified by Hidden Beach Records, L.L.C. or, in the alternative, that NBA Entertainment have judgment against Hidden Beach Records, L.L.C. for contribution according to the respective percentages of responsibility determined by the trier of fact.

4. For any and all other relief to which NBA Entertainment may be justly entitled.

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: _Robert E. Spoo_____

S. Douglas Dodd, OBA No. 2389
Robert E. Spoo, OBA No. 19709
320 South Boston Ave., Suite 500
Tulsa, Oklahoma 74103-3725
(918) 582-1211
(918) 591-5362 (Fax)

Attorneys for NBA Entertainment

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of November, 2003, a true and correct copy of the above and foregoing document was mailed with postage prepaid to:

Carl D. Hughes, Esq.
HUGHES & GOODWIN
5801 N. Broadway Extension
Suite 302
Oklahoma City, OK 73118

Mary M. Lee, Esq.
MARY M. LEE, P.C.
3441 W. Memorial Road, No. 8
Oklahoma City, OK 73134-7000

_Robert E. Spoo_____

Robert E. Spoo